IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| R. ALEXANDER ACOSTA,<br>SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR,<br><br>                 Plaintiff,<br><br>       v.<br><br>SOFIA & GICELLE, INC. dba<br>FAST EDDIES, SPORTS & BILLIARDS, a corporation;<br>Maria Aguilar, individually, and as President and<br>and owner of the aforementioned corporation,<br><br>                 Defendants. | Civil Action No. |

**COMPLAINT**

Plaintiff R. Alexander Acosta, Secretary of Labor, United States Department of Labor ("Plaintiff") brings this action to enjoin Sofia & Gicelle, Inc. dba Fast Eddies, Sports & Billiards, a corporation, Maria Aguilar, individually, and as President and owner of the aforementioned corporation (collectively, "Defendants"), from violating the provisions of Sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("the Act"), and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendants pursuant to the Act and an equal amount due to the employees of Defendants in liquidated damages.

1. Jurisdiction of this action is conferred upon the Court by Sections 16(c) and 17 of the Act, 29 U.S.C. §§ 216(c) and 217, and by 28 U.S.C. §§ 1331 and 1345.

2. Defendant Sofia & Gicelle, Inc. dba Fast Eddies, Sports & Billiards (hereinafter "Fast Eddies"), is, and at all times hereinafter referenced was, a corporation duly organized

under the laws of Maryland, with its principal office at 4801 Allentown Road, Suitland, MD 20746, which is within the jurisdiction and venue of this court.  Fast Eddies offers the amenities of a full service restaurant, night club, bar and pool halls.

3.	Defendant Maria Aguilar, is and, at all times hereinafter referenced was, the President and owner of Fast Eddies, and resides at 4031 Sapling Wage, Triangle, VA 22172. Defendant Aguilar does, and at all times hereinafter mentioned did, business in Suitland, MD, and has overseen the daily operations of the business located at 4801 Allentown Road, Suitland, MD 20746. Defendant Aguilar maintains 100% ownership interest in Fast Eddies. Defendant Aguilar has been actively involved in the day-to-day operations of the company.  Defendant Aguilar has directed employment practices and directly or indirectly acted in the interest of Fast Eddies in relation to its employees at all times relevant herein, including hiring and firing employees. Defendant Aguilar has acted directly or indirectly in the interest of Fast Eddies in relation to its employees at all times herein, and meets the definition of an employer under Section 3(d) of the Act.

4.	At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the Act, in that Defendants have been, through unified operation or common control, engaged in the performance of related activities for a common business purpose. These activities constituted (and/or were related to) the providing the services of a full service restaurant, night club, bar and pool halls, in furtherance of the business purposes of Defendants' unified business entity.

5.	At all times relevant herein, Defendants have employed, and are employing, employees in and about their place of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or

otherwise working on goods or materials that have been moved in or produced for commerce. Specifically, employees handled cooking ingredients, alcoholic beverages, juice, and cleaning supplies from outside of Maryland, and customer credit cards on a regular and recurring basis. Further, at all times relevant herein, Defendants have had annual gross volume sales made or business done of not less than $500,000, thereby affording coverage over all their employees pursuant to Section 3(s)(1)(A) of the Act.

6. During the period from October 22, 2015 through April 8, 2018 ("the investigative period") and continuing through the present time, Defendants employed individuals as servers, cooks, dishwashers, bartenders, and cleaning staff. The employees listed in the attached Schedule A were and are primarily employed by Defendants (collectively referred to hereinafter as "Employees") in this positions since October 22, 2015, which is the time period covered by this Complaint.

7. Defendants willfully violated the provisions of Sections 6 and 15(a)(2) of the Act by employing their employees in an enterprise engaged in commerce or in the production of goods for commerce and compensating these employees at rates less than the applicable statutory minimum rate prescribed in Section 6 of the Act. Therefore, Defendants are liable for unpaid minimum wages and an equal amount of liquidated damages under Section 16(c) of the Act.

    a. For example, during the investigative period, Defendants paid employees a pay rate less than the minimum wage. Specifically, Defendants paid employees the same, fixed biweekly payment regardless of the number of hours employees worked.  This practice resulted in employees receiving an hourly rate that was less than the minimum wage on numerous occasions.

8.      Defendants willfully violated the provisions of Sections 7 and 15(a)(2) of the Act by employing their employees in an enterprise engaged in commerce or in the production of goods for commerce for workweeks longer that those prescribed in Section 7 of the Act without compensating said employees for hours worked over 40 in a workweek at rates not less than one and one-half times their regular rates. Therefore, Defendants are liable for the payment of unpaid overtime compensation and an equal amount of liquidated damages under Section 16(c) of the Act.

   a. For example, during the investigative period, Defendants failed to compensate its employees who worked over 40 hours in a workweek one and one-half times their regular rate. Defendants paid kitchen staff a fixed biweekly payment, regardless of the number of hours they worked. These employees worked approximately 45 to 58 hours each workweek between October 22, 2015 and April 8, 2018. Defendants' practice of paying employees the same amount each pay period, even when they worked more than 40 hours a week, violated Sections 7 and 15(a)(2) of the Act.  Under those sections, Defendant was required to pay these employees the overtime premium rate of not less than one and one-half times their regular rates of pay.

   b. Defendants also failed to compensate servers and bartenders who worked over 40 hours in a workweek one and one-half times their regular rate.  These employees worked approximately 45 to 58 hours each workweek between October 22, 2015 and April 8, 2018. Defendants' one and one-half times the regular rate for overtime violated Sections 7 and 15(a)(2) of the Act. Under

those sections, Defendant was required to pay these employees the overtime premium rate of not less than one and one-half times their regular rates of pay.

9. Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that Defendants failed to make, keep, and preserve adequate and accurate records of their employees, which they maintained as prescribed by the regulations issued and found at 29 C.F.R. Part 516. For example, Defendants failed to make, keep, and preserve records containing hours employees worked each workday. Defendants also failed to maintain any payroll records with respect to some employees.

10. As a result of the willful violations alleged above, amounts are owed for hours worked that were paid at rates less than the rates set forth in Sections 6 and 7 of the Act for the employees named in Schedule A attached to this Complaint. Additional amounts may be due to other employees employed by Defendants during the time period covered by this Complaint (and continuing up to the time Defendants demonstrate that they came into compliance with the Act) whose identities are not now known to Plaintiff.

11. During the investigative period, Defendants continually and willfully violated the provisions of the Act as alleged above. A judgment permanently enjoining and restraining the violations herein alleged (including restraining of withholding of overtime compensation) is specifically authorized by Section 17 of the Act, 29 U.S.C. § 217.

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants providing the following relief:

(a) For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in

active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Act; and

(b) For judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid minimum wage and overtime compensation due to certain of Defendants' current and former employees listed in the attached Schedule A for the period of October 22, 2015, through at least April 8, 2018, and for an equal amount due to certain of Defendants' current and former employees in liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Schedule A for violations continuing after April 8, 2018, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint; or

(c) In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding the amount of unpaid minimum wages and overtime compensation found due Defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

        Respectfully submitted,

        Kate S. O'Scannlain
        Solicitor of Labor

        Oscar L. Hampton III
        Regional Solicitor

Samantha N. Thomas
Associate Regional Solicitor

Leah A. Williams
Regional Wage and Hour Counsel


*/s/* Avni J. Amin
By: Avni Amin
MD ID #: 806747
Office of the Solicitor, Region III
201 12th Street South, Suite 401
Arlington, VA 22202-5450
(202) 693-9395 (Phone)
(202) 693-9392 (Fax)
amin.avni.j@dol.gov


U.S. DEPARTMENT OF LABOR

Attorneys for Plaintiff

Date: March 28, 2019

**Exhibit A**

1. Camarri Berri
2. Joanna Cook
3. Nancy Doe
4. Tina Doe
5. Enrique Ferman
6. Kenia Garcia
7. Jose Hernandez
8. Aguila Hovings
9. James Hudson
10. D'Ann Johnson
11. Genrara Jones
12. Kendra Jones
13. Glenda Lopez
14. Brook Miles
15. Belkys Montoya
16. Anthony Morales
17. Tracy Morgan
18. Mary J. Parker
19. Roberto Reyes
20. Alberto Rufino
21. Naomi Ruiz
22. Jimmy Simmons
23. Jannely Suter
24. Paul Wolfe
25. Joseph Yearwood